Christopher T. Casamassima
(SBN: 211280)
WILMER CUTLER PICKERING
 HALE AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400
chris.casamassima@wilmerhale.com

*Attorney for UNTUCKit, LLC*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNETTE FLIEGELMAN, on Behalf of Herself and All Others Similarly Situated<br><br>Plaintiff,<br><br>v.<br><br>UNTUCKit, LLC, and DOES 1 through 100, inclusive<br><br>Defendants. | Case No. **'23CV0314 LAB JLB**<br><br>**NOTICE OF REMOVAL**<br><br>State Court Docket: Superior Court of California, County of San Diego<br><br>Case No. 37-2023-00001137-CU-BT-CTL<br><br>Complaint Filed: January 10, 2023 |

**TO THE CLERK OF THE COURT:**

PLEASE TAKE NOTICE THAT, for the reasons stated below, Defendant UNTUCKit, LLC ("UNTUCKit") hereby removes the above-captioned action from the Superior Court of California for the County of San Diego to the United States District Court for the Southern District of California.

As grounds for removal, UNTUCKit states as follows:

1

## SUMMARY

1. A defendant may remove an action from state court pursuant to 28 U.S.C. § 1441(a) if the federal district court has original jurisdiction over the action.

2. This Court has original jurisdiction over this action as an alleged class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant" and in which "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). Such actions may be removed from state court pursuant to 28 U.S.C. § 1453(b).

## PROCEDURAL HISTORY AND BACKGROUND

3. On January 10, 2023, Plaintiff Lynette Fliegelman filed a putative class action complaint captioned *Fliegelman v. UNTUCKit, LLC, and Does 1 through 100*, Case No. 37-2023-00001137-CU-BT-CTL, in the Superior Court of California in the County of San Diego. A copy of the complaint, together with all process, pleadings, and orders served on UNTUCKit in the state court action, are attached as Exhibit A to this Notice of Removal.

4. In the complaint, Fliegelman alleges that she placed two phone calls to UNTUCKit's customer service line in November 2022. Compl. ¶ 15. She alleges on "information and belief" that both phone calls were recorded without her consent, and that "[a]t no point" during either call was she informed that she was being recorded. *Id*. ¶¶ 15-16. The complaint asserts, on behalf of a putative class, a claim for a violation of California Penal Code § 632.7. *Id*. ¶¶ 36-42. Pursuant to California Penal Code § 632.7(a), Fliegelman seeks statutory damages of $5,000 for each alleged violation of California Penal Code § 637.2, as well as attorneys' fees and injunctive relief. *Id*. ¶¶ 41-42. UNTUCKit disputes the allegations and disputes that Fliegelman or any member of the putative class is entitled to any relief.

5. Fliegelman served UNTUCKit with the complaint and summons on January 18, 2023. UNTUCKit's time to respond to the complaint and summons has not expired, and UNTUCKit has not served or filed an answer.

6. This notice of removal is timely filed under 28 U.S.C. § 1446(b) because it is filed within 30 days of January 18, 2023, the date on which UNTUCKit was served with a copy of the complaint and summons. No previous notice of removal has been filed or made to this Court for the relief sought herein.

7. This action is removable to this Court because San Diego is located in the Southern District of California. *See* 28 U.S.C. § 1441(a).

## GROUNDS FOR REMOVAL

8. A defendant may remove an action from state court if the federal district court has original jurisdiction over the action. 28 U.S.C. § 1441(a).

9. This Court has original jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

10. CAFA vests federal district courts with "original jurisdiction of any civil action" (A) that "is a class action," (B) in which "the number of members of all proposed plaintiff classes in the aggregate is [not] less than 100," (C) in which "any member of a class of plaintiffs is a citizen of a State different from any defendant," and (D) in which "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d). This action satisfies these requirements.

### A. This Action Is A Putative Class Action

11. Original jurisdiction under CAFA applies to any civil action that "is a class action." 28 U.S.C. § 1332(d)(2). A "class action" means "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *Id*. § 1332(d)(1)(B).

12. California Code of Civil Procedure § 382 provides in part that "when the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all." Section 382 is the California state analog to Federal Rule of Civil Procedure 23. *See, e.g.*, *Huckleby v. Manpower, Inc.*, 2010 WL 11552970, at *3 n.1 (C.D. Cal. Sept. 7, 2010).

13. Fliegelman brings her action on behalf of a putative "statewide class" consisting of "[a]ll persons who, while located in California at any time during the one-year period of time preceding the filing of the Complaint … called Defendant's customer service number … engaged in a telephone conversations with Defendant's employee(s) or representative(s) and were recorded by Defendant without warning or disclosure at the call outset." Compl. ¶ 22. This action is therefore a putative class action removeable under CAFA under 28 U.S.C. § 1332(d)(2).

### B. The Putative Class Is Sufficiently Numerous

14. Under 28 U.S.C. § 1332(d)(5)(B), the number of members of a plaintiff's proposed class must equal or exceed 100 in the aggregate for the action to be removable under CAFA.

15. In her complaint, Fliegelman alleges that there "are more than 100 persons" who are members of her proposed class. Compl. ¶ 26. The proposed class is thus sufficiently numerous under 28 U.S.C. § 1332(d)(5)(B).

### C. There Is Diversity Of Citizenship Between The Parties

16. A putative class action is removable under CAFA if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

17. Fliegelman alleges that she is a "individual and resident of California." Compl. ¶ 8.

18. UNTUCKit is a "Delaware corporation, with its headquarters located in New York, New York." Compl. ¶ 9.

19. Because Fliegelman is a citizen of California and UNTUCKit is a citizen of Delaware and New York, the parties are "citizens of different States," and the diversity of citizenship requirement is met. 28 U.S.C. § 1332(a)(1).

### D. The Amount In Controversy Exceeds $5,000,000

20. "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(d)(6). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

21. The amount in controversy in this matter is $5,000 per violation of California Penal Code § 637.2, plus reasonable attorneys' fees for each class member. Fliegelman's requested equitable relief would also impose an additional financial burden on UNTUCKit.

22. Fliegelman's proposed class includes "[a]ll persons who, while located in California at any time during the one-year period of time preceding the filing of the Complaint … called Defendant's customer service number." Compl. ¶ 22. On information and belief, UNTUCKit received more than 1,000 calls to its customer service number since January 10, 2022—the date one year before the filing of the complaint—from phone numbers with California area codes.

23. UNTUCKit denies that it is liable to Fliegelman or any putative class member in any way whatsoever. Removal turns on the amount *in controversy*, however, and if a court were to order the relief that Fliegelman demands on behalf of the putative class that she asserts, on information and belief the dollar amount of

that relief would exceed $5,000,000. The amount-in-controversy requirement is therefore satisfied.

## OTHER PROCEDURAL MATTERS

24. Promptly upon its filing, a true copy of this Notice of Removal will be provided to all adverse parties pursuant to 28 U.S.C. § 1446(d). Pursuant to Federal Rule of Civil Procedure 5(d), UNTUCKit will file with this Court a Certificate of Service of notice to the adverse party of removal to federal court.

25. Upon the filing of this Notice of Removal, UNTUCKit will promptly file a Notification of Filing of Notice of Removal with the Clerk of the Superior Court of California, County of San Diego, in accordance with 28 U.S.C. § 1446(d).

26. By filing this Notice of Removal, UNTUCKit does not waive any defenses that may be available to it, including without limitation any defenses relating to service, process, and jurisdiction, including but not limited to personal jurisdiction; and does not concede that the allegations in the complaint state a valid claim under any applicable law. *See Wabash W. Ry. v. Brow*, 164 U.S. 271, 278 (1896) (holding removal to federal court does not waive personal jurisdiction defense); *see also Fields v. Sedgwick Associated Risks, Ltd.*, 796 F.2d 299, 300-301 (9th Cir. 1986) (dismissing removed federal action for lack of personal jurisdiction); *Webb v. Sitzes*, 82 F.3d 424 (9th Cir. 1996) (Table) ("The district court properly held that the motion to remove did not waive the objection to personal jurisdiction."); *Freeney v. Bank of Am. Corp.*, 2015 WL 4366439, at *20 (C.D. Cal. July 16, 2015) ("A defendant's election to remove a case to federal court does not waive a personal jurisdiction defense.").

27. UNTUCKit reserves the right to submit additional factual support, evidence, and affidavits to support the basis for federal jurisdiction as necessary at the appropriate time.

**NOTICE TO STATE COURT AND PLAINTIFF**

Counsel for UNTUCKit certifies that pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be filed with the Clerk of the Superior Court of California, County of San Diego, and given to Plaintiff's counsel promptly.

WHEREFORE, the case now pending in the Superior Court of California, County of San Diego, Case No. 37-2023-00001137-CU-BT-CTL, is hereby removed to the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1453.

Respectfully submitted,

Dated: February 16, 2023

/s/ *Christopher T. Casamassima*
Christopher T. Casamassima
(SBN: 211280)
WILMER CUTLER PICKERING
 HALE AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400
chris.casamassima@wilmerhale.com

*Attorney for UNTUCKit, LLC*