# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNETTE FLIEGELMAN, on Behalf of Herself and All Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>UNTUCKIT, LLC; et al.<br><br>　　　　　　　　Defendants. | Case No.: 23-cv-314-LAB-JLB<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br>**[Dkt. 19]** |

Lynette Fliegelman sued UNTUCKit, LLC on behalf of a putative class of members who received or made phone calls to UNTUCKit from a California area code phone number and whose telephone conversations were recorded by UNTUCKit without notice or permission by the callers. The parties have reached a settlement (the "Agreement"), and Fliegelman has applied for an order preliminarily approving the settlement.[1]

The Court may preliminarily approve the settlement and direct the parties to send notice to the class if the parties demonstrate that the Court "will likely be able

---

[1] Unless otherwise defined in this Order, all capitalized words have the same meaning as they have in the Agreement.

to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B). On December 18, 2023, the Court heard Fliegelman's unopposed motion. Based on Fliegelman's motion for preliminary approval of the settlement, the papers filed and arguments made in connection with that motion, and the Agreement and its attached exhibits, the Court **GRANTS** preliminary approval of the settlement.

The Court **ORDERS**:

1) **Class Certification for Settlement Purposes** – Pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), the Court finds the class includes all persons who made or received a telephone call to or from UNTUCKit, from or to a California area code, and engaged in a telephone conversation with UNTUCKit's employee(s) or representative(s) during January 10, 2022 through February 3, 2023, inclusive (the "Settlement Class"). Excluded from the Settlement Class are any persons who submit a timely request for exclusion from the Settlement Class. The Court will likely be able to certify the proposed Settlement Class solely for purposes of effectuating the proposed settlement.

2) **Class Findings** – Solely for purposes of the proposed settlement of this Action, the Court finds that the elements required for certification of the Settlement Class under Federal Rule of Civil Procedure 23 will likely be met. That is: (a) the members of the Settlement Class are likely so numerous that their joinder in the Action would be impracticable; (b) there are likely questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) Fliegelman's claims in the Action are likely typical of the claims of the Settlement Class; (d) Fliegelman and her counsel appear to have and likely will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is likely superior to other available methods for the fair and efficient adjudication of the Action. The Court reserves making the determination of (i) the proposed service award of $5,000 to Fliegelman; (ii) the proposed

attorney's fee request of thirty percent; and (iii) the proposed *cy pres* distribution of any remaining balance of settlement funds. The parties must file a modification or addendum to the Agreement consenting to Magistrate Judge jurisdiction to enforce the terms of the settlement, with both the parties (or party representative) and their counsel signing the modification or addendum.

3) The Court preliminary finds that Fliegelman is an adequate class representative, and preliminarily certifies her as Class Representative for the Settlement Class. The Court appoints the Law Offices of Zev B. Zysman, APC as Class Counsel for the Settlement Class, pursuant to Federal Rule of Civil Procedure 23(g).

4) **<u>Preliminary Approval of the Settlement</u>** – The Court anticipates granting final approval of the settlement, as embodied in the Agreement, as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the final settlement hearing to be conducted as described below.

5) **<u>Settlement Hearing</u>** – A final settlement hearing (the "Settlement Hearing") will be held on May 13, 2024 at 11:30 a.m. in Courtroom 14A of the United States Courthouse, 333 West Broadway, San Diego, California 92101, at which time the Court will determine: (a) whether the proposed settlement is fair, reasonable, and adequate to the Settlement Class, and should be approved by the Court; (b) whether the Settlement Class should be finally approved; (c) whether a Judgment substantially in the form attached as Exhibit E to the Agreement should be entered dismissing the Action with prejudice against UNTUCKit; (d) whether the proposed payment of the settlement is fair and reasonable and should be approved; (e) whether the motion by Class Counsel for an award of attorney's fees and reimbursement of litigation costs should be approved; (f) whether the service award to the Class Representative should be approved; (g) whether a *cy pres* distribution is warranted; and (h) to consider any other matters that may properly be brought before the Court in connection with the settlement. Notice of the

settlement and the Settlement Hearing must be given to members of the Settlement Class as set forth in paragraph 7 of this Order.

6) The Court may adjourn the Settlement Hearing without further notice to the Settlement Class and approve the proposed settlement with such modifications as the parties may agree to without further notice to the Settlement Class.

7) **Retention of Claims Administrator and Manner of Giving Notice** – Class Counsel is authorized to retain Simpluris, Inc. (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed settlement as well as the processing of claims as more fully set forth below. Notice of the settlement and the Settlement Hearing must be given by Class Counsel as follows:

a. within fifteen (15) calendar days of the date of entry of this Order (the "Notice Date"), UNTUCKit will provide to the Claims Administrator in electronic format (at no cost to the Common Fund, Class Counsel, or the Claims Administrator) its Class List (consisting of names, email addresses, postal mailing addresses, and any phone numbers that could not be matched to a name or address), as described in the Agreement, of customers in California who made or received a call from UNTUCKit during the Class Period;

b. not later than forty-five (45) calendar days after the Notice Date, the Claims Administrator must email a copy of the Email Notice, substantially in the form attached to the Agreement as Exhibit C, to potential Settlement Class Members at the email addresses set forth in the records provided by UNTUCKit or who otherwise may be identified through further reasonable effort (including reverse-directory lookup and/or skip tracing);

c. not later than forty-five (45) calendar days after the Notice Date, the Claims Administrator must send a copy of the Postcard Notice, substantially in the form attached to the Agreement as Exhibit B, via U.S. mail to potential

Settlement Class Members, for which UNTUCKit does not have email addresses or from whom there was a bounce back email after being sent Email Notice;

    d.    not later than forty-five (45) calendar days after the Notice Date, the Claims Administrator must obtain updated addresses, through reasonable methods (including reverse-directory lookup and/or skip tracing), for any undeliverable Postcard Notice, and must resend a copy of the Postcard Notice, substantially in the form attached to the Agreement as Exhibit B, via U.S. mail to potential Settlement Class Members whose Postcard Notices were returned as undeliverable;

    e.    not later than forty-five (45) calendar days after the Notice Date, the Claims Administrator must publish the full Class Notice, proposed Settlement Agreement, Fliegelman's Complaint, this Order granting preliminary approval of the proposed settlement, any papers supporting Class Counsel's request for attorney's fees and costs and the Class Representative's service award, and any other documents agreed to by the parties, on a website, www.UntuckitClassActionSettlement.com (or a similar name if that one is not available) (the "Settlement Website"), to be developed from the Settlement, from which copies of the documents can be downloaded, and must remain active for at least 180 calendar days after the Effective Date;

    f.    not later than forty-five (45) calendar days after the Notice Date, the Claims Administrator must establish a toll-free phone number for Settlement Class Members to call regarding the settlement;

    g.    not later than forty-five (45) calendar days after the Notice Date, the Claims Administrator must initiate the digital notice campaign via programmatic "website banner" ads;

    h.    the Claims Administrator must take all other necessary actions in furtherance of obtaining correct mailing address information for Settlement Class Members, determining their payment amounts, receiving and processing class

member disputes, opt-outs and objections, and other claims administration functions specified in the Agreement; and

    i.    not later than twenty-one (21) calendar days prior to the Settlement Hearing, Class Counsel must serve on UNTUCKit's counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

    8)    **Deposit of Funds for Claims Administrator** – Within fourteen (14) calendar days after the Notice Date, UNTUCKit must deposit or cause to be deposited with the Claims Administrator $20,000.00 to pay for the Class Notice program as described in paragraph 7 of this Order and further described in the Agreement.

    9)    **Approval of Form and Content of Notice** – The Court approves, as to form and content, the full Class Notice, the Postcard Notice, and the Email Notice, attached to the Agreement as Exhibits A, B, and C, respectively, and finds that the mailing and distribution of the Postcard Notice and/or Email Notice and the publication of the full Class Notice in the manner and form set forth in paragraph 7 of this Order: (a) is the best notice practicable under the circumstances; (b) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the effect of the proposed settlement (including the releases to be provided), Class Counsel's motion for an award of attorney's fees and reimbursement of litigation costs, their right to object to the settlement and/or the payment, to exclude themselves from the Settlement Class, and to appear at the Settlement Hearing; (c) constitutes due, adequate, and sufficient notice to all persons entitled to receive notice of the proposed settlement; and (d) satisfies the requirements of Federal Rule of Civil Procedure 23, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 and 15 U.S.C. § 77z-1, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing must be included in the full Class Notice, Postcard

Notice, and Email Notice before they are published, mailed, or emailed.

10) **Participation in the Settlement** - Settlement Class Members who receive either Postcard Notice or Email Notice and wish to participate in the settlement will be entitled to a one-time, pro rata distribution from the Net Settlement Amount. Settlement Class Members who receive Postcard Notice will automatically receive the payment. Settlement Class Members who receive Email Notice must verify or provide a current U.S. postal mailing address by visiting the Settlement Website.

11) If any class member does not receive either the Email Notice or Postcard Notice, but still believes that he or she is entitled to share in the Common Fund, that person may send a letter or email to the Claims Administrator ("Claim of Eligibility"), including: (a) the name of the Action, "*Fliegelman v. Untuckit, LLC*"; (b) his or her name; (c) his or her current postal address; (d) the relevant current and/or past telephone number(s) from which the call(s) to or from UNTUCKit were made; (e) a statement the call(s) were made or received during the Class Period; and (f) a statement that he or she spoke with a representative or employee of UNTUCKit. Unless the Court orders otherwise, all Claims of Eligibility must be postmarked or received electronically no later than 105 calendar days after the Notice Date. Any person submitting a Claim of Eligibility will be deemed to have submitted to the jurisdiction of the Court with respect to his or her claim and the subject matter of the settlement. The Claims Administrator may ask Settlement Class Members or potential class members who submit a Claim of Eligibility to provide their Social Security Number or taxpayer identification number.

12) **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself or herself from the Settlement Class must send a letter by first class U.S. mail to the Claims Administrator. The signed letter must be postmarked no later than 105 calendar days after the Notice Date and including the following information: (a) the title of the Action, "*Fliegelman

*v. Untuckit, LLC*"; (b) his or her name, address, and telephone number; (c) a statement requesting exclusion from the Settlement Class; and (d) be signed by the person requesting exclusion. Any member of the Settlement Class requesting exclusion may also include a short statement for requesting exclusion.

13) Any person who timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class will not be a Settlement Class Member, will not be bound by the terms of the Settlement or any orders or judgments in the Action, and will not receive settlement benefits or payments from the Common Fund.

14) Any Settlement Class Member who does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) will be deemed to have waived his or her right to be excluded from the Settlement Class; (b) will be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) will be bound by the provisions of the Agreement and all proceedings, determinations, orders, and judgments in the Action, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of Fliegelman's claims against UNTUCKit, as more fully described in the Agreement and full Class Notice.

15) **<u>Appearance and Objections at Settlement Hearing</u>** – Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed settlement, the proposed payment, Class Counsel's motion for an award of attorney's fees and reimbursement of litigation costs, the service payment to the Class Representative, and/or the Claims Administrator's fees, and appear and show cause, if he or she has any cause, why the proposed settlement, proposed payment, Class Counsel's motion for attorney's fees and reimbursement of litigation costs, the service payment to the Class Representative, and/or the Claims Administrator's fee should not be approved; provided, however, that no Settlement Class Member will be

entitled to contest any of the above unless that person has filed a written objection and mailed the objection to the Claims Administrator within 105 days of the Notice Date.

16) Any objections, filings, and other submissions by the objecting Settlement Class Member must include: (a) the name and case number of the lawsuit: "*Fliegelman v. Untuckit, LLC*, United States District Court for the Southern District of California, Case No. 23-cv-00314-LAB-JLB"; (b) the objector's full name, postal address, and telephone number (email address is optional); (c) the words "Notice of Objection" or "Formal Objection"; (d) proof of the objector's membership in the Class in the form of a statement; (e) a statement of each objection; (f) a written statement detailing the specific reasons, if any, for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection(s); (g) the objector's signature and the date; and (h) the following language immediately above the objector's signature: "I declare under penalty of perjury under the laws of the United States of America that the foregoing statements regarding class membership are true and correct to the best of my knowledge." Objectors who desire to present evidence at the Settlement Hearing in support of their objection(s) must include in their written objection a statement similar to "Notice of Intention to Appear" and the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing. Only Settlement Class Members who deliver timely Notices of Intention to Appear may speak at the Settlement Hearing.

17) Any Settlement Class Member who does not file an objection as provided herein will be deemed to have waived the right to object to any aspect of the proposed settlement, the proposed payment, Class Counsel's motion for an award of attorney's fees and reimbursement of litigation costs, the service payment to the Class Representative, and the Claims Administrator's fee, and will be forever

barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the settlement or any of the above-mentioned aspects of the settlement.

18) **Stay and Temporary Injunction** – Unless otherwise ordered by the Court, all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Agreement are **STAYED**, and the Court bars and enjoins Fliegelman and all other members of the Settlement Class from commencing or prosecuting any and all of Fliegelman's claims against UNTUCKit.

19) **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the settlement and the cost of the settlement will be paid as set forth in the Agreement without further order of the Court.

20) **Settlement Common Fund** – Within twenty-one (21) calendar days after the Notice Date, UNTUCKit must deposit or cause to be deposited with the Claims Administrator the remaining $280,000.00. The Claims Administrator must set up an account to hold the Common Fund. The contents of the Common Fund will be deemed and considered to be in custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time the funds can be distributed pursuant to the Agreement and/or further order(s) of the Court.

21) **Taxes** – Class Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Common Fund, to pay from the Common Fund any taxes owed with respect to the Common Fund, and to otherwise perform all obligations with respect to taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Agreement.

22) **Termination of Settlement** – If the settlement is terminated according to the Agreement, or the settlement is not finally approved by the Court, or the Effective Date of the settlement otherwise fails to occur, this Order will be vacated and shall be of no further force and effect, except as otherwise provided by the

Agreement. In the event of any of these occurrences, the parties will: (a) revert to their respective positions as if the Agreement had been neither entered into nor filed with the Court; (b) Class Representative and Class Counsel will repay to the Claims Administrator any disbursements they received from the Common Fund; and (c) the Claims Administrator will return to UNTUCKit any portion of the Common Fund that has been paid to the Claims Administrator pursuant to the Agreement other than the funds actually expended in connection with the costs of providing notice to the Class and claims administration.

23) **Use of this Order** – Neither this Order, the Agreement (whether or not consummated), including the exhibits and the payment contained therein, the negotiations leading to the execution of the Agreement, nor any proceedings taken pursuant to or in connection with the Agreement and/or approval of the settlement (including any arguments proffered in connection therewith): (a) shall be offered against UNTUCKit as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by UNTUCKit with respect to the truth of any fact alleged by Fliegelman or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by UNTUCKit or in any way referred to for any other reason as against UNTUCKit, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Agreement; (b) shall be offered against Fliegelman, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Fliegelman that any of her claims are without merit, that UNTUCKit had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Common Fund or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against Fliegelman, in any civil, criminal, or administrative action or proceeding,

other than such proceedings as may be necessary to effectuate the provisions of the Agreement; or (c) shall be construed against Fliegelman or UNTUCKit as an admission, concession, or presumption that the consideration to be given under the settlement represents the amount which could be or would have been recovered after trial; provided, however, that if the Agreement is approved by the Court, the parties and their respective counsel, may refer to it to effectuate the protections from liability granted or otherwise to enforce the terms of the settlement.

24) **Supporting Papers** – Not later than ninety (90) calendar days after the Notice Date, which is fifteen (15) calendar days before the deadline by which Settlement Class Members may object to or opt out of the settlement, Class Counsel must file and serve the opening papers in support of the proposed settlement, the payment, Class Counsel's motion for an award of attorney's fees and reimbursement of litigation costs, the service payment to the Class Representative, and the Claims Administrator's fees, and reply papers, if any, must be filed and served no later than twenty-one (21) calendar days prior to the Settlement Hearing.

25) Not later than 120 calendar days after the Notice Date, Class Counsel must file a motion for final approval of the settlement. In the final approval motion papers, Class Counsel must file with the Court any objections or notices of intent to appear received.

26) Not later than 120 calendar days after the Notice Date, the parties, either individually or jointly, may file a response to any objections.

**IT IS SO ORDERED**.

Dated: December 19, 2023

_____
Honorable Larry Alan Burns
United States District Judge