UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNETTE FLIEGELMAN, on Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>UNTUCKIT, LLC, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 3:23-cv-00314-JES-JLB<br><br>FINAL APPROVAL ORDER |

On May 13, 2024, this Court heard Plaintiff Lynette Fliegelman's ("Plaintiff") unopposed motion for final approval of the class action settlement. This Court reviewed: (a) the motion and the supporting papers, including, the Settlement Agreement and Release ("Settlement Agreement"); (b) any objections filed with or presented to the Court; (c) the parties' responses to any objections; and (d) counsels' arguments. Based on this review and the findings below, the Court found good cause to grant the motion.

**FINDINGS:**

**1.** Unless otherwise specified, defined terms in this Final Approval Order and Judgment have the same definition as the terms in the Settlement Agreement.

**2.** The Court has jurisdiction over the subject matter of this Action, all parties to the Action, and all Class Members who have not timely and validly requested exclusion.

**3.** The Parties adequately performed their obligations under the Agreement.

**4.** The Claims Administrator, provided notice to Class Members in compliance with this Court's Order Granting Motion for Preliminary Approval of Class Action Settlement, Section 5 of the Settlement Agreement, due process, and Rule 23(e) of the Federal Rules of Civil Procedure. The notice: (i) fully and accurately informed Class Members about the lawsuit and Settlement; (ii) provided sufficient information so that Class Members were able to decide whether to accept the benefits offered, opt-out and pursue their own remedies, or object to the proposed Settlement; (iii) provided procedures for Class Members to file written objections to the proposed Settlement, to appear at the hearing, and to state objections to the proposed Settlement; and (iv) provided the time, date and place of the Final Fairness Hearing.

**5.** For the reasons stated at the hearing on December 19, 2023, and in the Order Granting Motion for Preliminary Approval of Class Settlement, and having

found nothing that would disturb these previous findings, this Court finds and determines that the proposed settlement Class, as defined below, meets all of the legal requirements for class certification, for settlement purposes only, under Federal Rule of Civil Procedure 23(a) and (b)(3).

6. Upon review of the record, the Court hereby finds that the terms and provisions of the Settlement Agreement have been entered into in good faith and are fair, reasonable, and adequate as to, and in the best interest of, each of the Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of the Court, and any other applicable law. The Court also finds that approval of the Settlement Agreement is supported by the fact that Plaintiff has sufficient information to settle the Action, counsel for the Parties are experienced and support the settlement, and that the monetary and non-monetary terms of the Settlement reflect substantial benefits to the Class.

7. The Court further finds that extensive arm's-length negotiations have taken place, in good faith, between Class Counsel and UNTUCKit's Counsel resulting in the Settlement Agreement.

8. An award of $90,000 in attorneys' fees and $13,316.80 in costs to Class Counsel is fair and reasonable in light of the nature of this case, Class Counsel's experience and efforts in prosecuting this Action, and the benefits obtained for the Class.

9. An incentive award to Plaintiff Lynette Fliegelman of $5,000 is fair and reasonable in light of: (a) Plaintiff's risks (including financial, professional, and emotional) in commencing this Action as the Class Representative; (b) the time and effort spent by Plaintiff in litigating this Action as the Class Representative; and (c) Plaintiff's public interest service.

**IT IS ORDERED THAT:**

1. **Class Members**. The Class Members are defined as:

   All persons who, during the period from January 10, 2022, through February 3, 2023, inclusive, made or received a telephone call to or from Defendant, from or to a California area code, and engaged in a telephone conversation with Defendant's employee(s) or representative(s).

2. **Binding Effect of Order**. This order applies to all claims or causes of action settled under the Settlement Agreement, and binds all Class Members, including those who did not properly request exclusion under paragraph 12 of the Order Granting Motion for Preliminary Approval of Class Action Settlement. This order does not bind persons who filed timely and valid requests for exclusions. Attached as Exhibit A is a list of persons who properly requested to be excluded from the Settlement.

3. **Objections**. No objections to the Settlement Agreement have been filed.

4. **Release**. Plaintiff and all Class Members who did not properly request exclusion are: (1) deemed to have released and discharged UNTUCKit from all claims arising out of or asserted in this Action and claims released under the Settlement Agreement; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims. The full terms of the release described in this paragraph are set forth in Sections 14.1, 14.3 and 14.4 of the Settlement Agreement.

5. **Class Relief.** The Claims Administrator will distribute the Net Settlement Amount to all Class Members (i) for whom a U.S. postal mailing address can be identified either in Defendant's internal records or through a "reverse lookup" by the Claims Administrator based on available phone numbers in its records without any proof of claim requirement, or (ii) for whom Defendant is able to identify an email address and who provides a current mailing address in

response to the Email Notice, as provided in Section 5, of the Settlement Agreement and (iii) all other Class Members who demonstrate their eligibility as provided in Section 5 of the Settlement Agreement. The Claims Administrator shall make a one-time, pro-rata distribution of the Net Settlement Amount to the foregoing Class Members from the Common Fund, as provided in Section 2.4 of the Settlement Agreement.

6. **Common Fund:** Defendant shall wire or cause to be wired the difference between Three Hundred Thousand Dollars ($300,000) and any amount previously delivered to the Claims Administrator to fund the Common Fund within the time period specified in the Settlement Agreement.

7. **Attorney's Fees and Costs.** Class Counsel is awarded $103,316.80 in fees and costs to be paid from the Common Fund.

8. **Calculation of Attorneys' Fees**. The Court finds that the amount of the attorneys' fee award is fair and reasonable in light of the nature of this case, Class Counsel's experience and efforts expended in prosecuting this Action, and the benefits obtained for the Class. The amount of this award is based on the percentage-of-the-benefit approach of the Common Fund and the non-monetary value of the settlement (*i.e.*, Defendant's having ensured that its recording practice is in compliance with California Penal Code section 632.7 following the Action). Additionally, the amount of the attorneys' fee award is supported by the lodestar-multiplier "cross-check" approach.

9. **Incentive Award**. Plaintiff Lynette Fliegelman is awarded $5,000 as an incentive award to be paid from the Common Fund.

10. **Claims Administration Expenses.** The Court approves payment to Simpluris, Inc. to be paid out of the Common Fund for all expenses incurred in providing notice to the Class and administering the Settlement.

**11.     No Admission of Wrongdoing.** Defendant has denied any liability, fault, or wrongdoing of any kind in connection with the allegations in this Action, and as such, neither this Order, the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendant of the truth of any of Plaintiff's allegations, or of any liability, fault or wrongdoing of any kind.

**12.     Dismissal of Action**. This Action, including all of the individual and class claims included therein, is hereby dismissed on the merits and with prejudice. The Clerk of the Court is instructed to close the file for this Action.

**13.     Judgment.** The Court finds that there is no reason for delay and directs the Clerk to enter judgment in accordance with the terms of this Order as of the date of this Order.

**14.     Court's Jurisdiction.** Without affecting the finality of the dismissal or the Judgment, pursuant to the Parties' request, the Court will retain jurisdiction over this Action and the Parties until final performance of the Settlement Agreement including supervising the distribution of the Net Settlement Amount, as set forth in Section 33 of the Settlement Agreement, and any *cy pres* award with respect to any unclaimed or uncashed funds to the University of California, Berkeley Center for Law & Technology – Information Privacy and Security Programs which is a non-profit organization qualified under IRC §501(c)(3), as set forth in Section 11 of the Settlement Agreement. For purposes of enforcing the terms of the Settlement, the Parties consent to the jurisdiction of a United States Magistrate Judge.

**DATED: MAY 13, 2024**

_____
Honorable James E. Simmons, Jr.
Unites States District Judge

# **EXHIBIT A**

## TIMELY LIST OF EXCLUSIONS

1. William Neely

7.

**FINAL APPROVAL ORDER**